UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

**PROGRESSIVE SPECIALTY**
**INS. CO,**
 Plaintiff,

v.

**CHARTER COMMUNICATIONS,**
**INC.,**
 Defendant.

Case No. **1:21-cv-1023-CLM**

## MEMORANDUM OPINION

Charter Communications moved for summary judgment (doc. 14), and Progressive did not respond—despite a show cause order (doc. 17). So the court **GRANTS** Charter's motion under Rule 56(e)(3).

## BACKGROUND

In July 2019, Wade Taylor was transporting a mobile home for Atkinson Homes. An escort vehicle travelled ahead of Taylor to spot and report any hazards, including low-hanging lines that crossed the road. The escort did not alert Taylor as to any hazard. But as Taylor crossed under a cable line owned by Charter Communications, the mobile home hit the cable line and was damaged. It wasn't the first time they had seen the low cable line that day. Earlier, both Taylor and the escort vehicle drove under the same line while towing half a home, but the home did not hit the line and neither party reported the cable as low or a hazard.

Charter employees continuously look for low cable lines in the area, and Charter normally receives reports of low lines from government officials or community members. If someone told Charter that a line was low, Charter would dispatch field personnel to investigate. Before Taylor's accident, Charter did not receive any report the cable line was low. The first Charter heard of the line being low was from the accident report.

Atkinson Homes was insured by Progressive, who paid Atkinson $97,215 for the damage to the mobile home. Progressive in turn sued Charter for a single count of negligence in state court, alleging Charter owned the cable and telephone pole that damaged the mobile home. Charter then removed the case to this court. (Doc. 1).

Charter moved for summary judgment on September 13, 2022. (Doc. 14). Under the court's initial order Progressive had until October 4, 2022, to respond to that motion. (Doc. 6). Because Progressive failed to respond by that deadline, the court entered an order to show cause as to why the court should not grant Charter's motion for summary judgment (doc. 17). Progressive failed to respond to that order, too.

For the reasons stated below, the court now **GRANTS** Charter's motion for summary judgment.

## STANDARD OF REVIEW

Normally in reviewing a motion for summary judgment, the court views the facts and draws all reasonable inferences in the light most favorable to the non-moving party. *See Cuesta v. Sch. Bd. of Miami-Dade Cty.*, 285 F.3d 962, 966 (11th Cir. 2002). But "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2). And the court may "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." *Id.* at (e)(3).

A movant is entitled to summary judgment when there is no genuine dispute of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## DISCUSSION

Progressive alleges that Charter's negligence caused the Atkinson Mobile Home to hit a low utility line, which damaged the mobile home. (Doc. 1 at 10). Charter says that it is entitled to summary judgment on this negligence claim because Progressive cannot show that Charter had actual or constructive knowledge that the line was low. (Doc. 16). Because Progressive failed to respond to Charter's motion for summary judgment, the court will consider the facts as Charter presented them as undisputed. And considering that no one told Charter about the low line, Progressive's claim that Charter was negligent fails.

1. <u>Alabama law</u>: In *Black Warrior Electric v. McCarter*, the Alabama Supreme Court held that judgment as a matter of law was appropriate when the plaintiff "failed to present substantial evidence that [the defendant] had constructive knowledge of the alleged defect in its lines before the time of the accident." 115 So. 3d 158, 167 (Ala. 2012). The court also held that when the defendant presents prima facie evidence that it had no knowledge of the defect in the lines before the accident, the burden shifts to the defendant to present substantial evidence creating an issue as to such notice. *Id.* at 165.

2. <u>Undisputed facts</u>: Charter says the following evidence proves that it had no knowledge the lines were low before the accident:

- The truck driver drove under the line earlier in the day with part of the mobile home attached without issue and never called Charter to complain about the line;
- Charter has no record that anyone else called about the low line;
- Progressive presents no evidence that anyone told Charter the line was low;
- Progressive has not issued any written discovery or deposed any employee or representative of Charter; and,
- The plaintiff's complaint does not allege that Charter had actual or constructive knowledge the line was hanging low.

Considering these undisputed facts are true, Charter has presented prima facie evidence it had no knowledge that the lines were low. And because Progressive never responded to Charter's motion for summary judgment, it failed to present substantial evidence to create an issue of fact whether Charter had such notice. As a result, Charter's motion and supporting facts—including those the court now considers undisputed—establish it is entitled to summary judgment. So the court **GRANTS** Charter's motion.

## CONCLUSION

For these reasons, the court **GRANTS** Charter's motion for summary judgment. The court will enter a separate order consistent with this memorandum opinion.

**DONE** and **ORDERED** on December 15, 2022.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE